**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4504**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TERRENCE PETERS, a/k/a The Dred, a/k/a Dred,

                    Defendant - Appellant.

**No. 09-4531**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SPENCER PETERS, a/k/a Smoke,

                    Defendant - Appellant.

**No. 09-4917**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CLIFFORD NOEL, a/k/a Spliff,

                Defendant - Appellant.

                        ─────────────

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:08-cr-00186-REP-1; 3:08-cr-00186-REP-2; 3:08-cr-00186-REP-3)

                        ─────────────

Submitted:  August 4, 2010           Decided:  August 20, 2010

                        ─────────────

Before DUNCAN, AGEE, and KEENAN, Circuit Judges.

                        ─────────────

Affirmed by unpublished per curiam opinion.

                        ─────────────

Scott C. Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West Virginia; Peter D. Eliades, ELIADES & ELIADES, P.C., Hopewell, Virginia; Angela D. Whitley, THE WHITLEY LAW FIRM, Richmond, Virginia, for Appellants.  Neil H. MacBride, United States Attorney, Peter S. Duffey, Richard D. Cooke, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

                        ─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrence Peters appeals his conviction and life sentence for one count of conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(iii) (2006) and one count of conspiracy to possess firearms in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(o) (2006). Spencer Peters appeals his conviction and 480 month sentence for one count of conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(iii) and one count of conspiracy to possess firearms in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(o). Clifford Noel appeals his conviction and 360 month sentence for one count of conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(iii) and one count of conspiracy to possess firearms in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(o). We affirm.

The Appellants jointly raise several issues and Noel individually asserts several additional grounds for relief. Appellants first claim that they were denied due process when a potential juror made a statement regarding murder in response to whether she had read anything about any of the Appellants. Noel had previously been convicted of murder in state court (though

3

the conviction was later set aside) and the parties had agreed that no evidence or mention of the murder conviction would be admissible. Appellants claim that they were further prejudiced by the prosecutor's use of the phrase "autopsy of a drug conspiracy" in opening statements and by a Government witness's statement on cross-examination that he had previously testified against Noel.

We reject the Appellants' joint claims. This court reviews a trial court's decisions at voir dire for abuse of discretion. Rosales-Lopez v. United States, 451 U.S. 182, 188-89 (1981). When prospective jurors have been exposed to pretrial publicity, "the relevant question is not whether the community remembered the case, but whether the jurors . . . had such fixed opinions that they could not judge impartially the guilt of the defendant." Mu'Min v. Virginia, 500 U.S. 415, 430 (1991). Here, the district court examined the venire and was satisfied that they could continue to be impartial. We decline to disturb that finding. Moreover, when viewed in context, we conclude that the prosecutor did not engage in misconduct by referencing an "autopsy" in opening remarks. Finally we conclude that the witness's statement that he had previously testified against Noel was not reversible error.

Noel's first individual complaint is that the district court erred in denying his motion for a new trial based on

4

alleged violations of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972).

This court reviews the district court's ruling on a motion for a new trial for abuse of discretion. See United States v. Fulks, 454 F.3d 410, 431 (4th Cir. 2006) (motion for new trial due to Brady violation reviewed for abuse of discretion). The Due Process Clause requires that the government disclose to the defense prior to trial any exculpatory or impeaching evidence in its possession. See Giglio, 405 U.S. at 153-55 (requiring disclosure of evidence affecting the credibility of prosecution witnesses); Brady, 373 U.S. at 86-88 (requiring disclosure of exculpatory evidence). A failure to disclose violates due process, however, only if the evidence in question: (1) is favorable to the defendant, because it is either exculpatory or impeaching; (2) was suppressed by the government; and (3) is material in that its suppression prejudiced the defendant. Strickler v. Greene, 527 U.S. 263, 281-82 (1999); see Vinson v. True, 436 F.3d 412, 420 (4th Cir. 2006).

Assuming that the district court was correct in concluding that the statements in question were favorable in the Brady context, we agree with the court's conclusion that they were not material. When two Government witnesses testified in a manner inconsistent with their debriefing reports, Noel used

5

those reports to impeach the witnesses. The addition of undisclosed trial preparation reports that demonstrated the same inconsistencies would not have materially contributed to Noel's defense. See United States v. Hoyte, 51 F.3d 1239 (4th Cir. 1995).

Noel next argues that he was denied his right to testify on his own behalf because he chose not to testify for fear that his state conviction, which was later invalidated, would be used to impeach him. As Noel essentially raises an improper impeachment claim, we find that because he did not testify, the claim is not cognizable on appeal. See Luce v. United States, 469 U.S. 38, 43 (1984) (holding that defendant who claimed to be deterred from testifying by a court ruling regarding impeachment evidence could not challenge ruling unless he testified and was prejudiced by it).

Finally, Noel challenges the sufficiency of the evidence against him. "A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). This court reviews a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005). After

reviewing the record, we find that the Government adduced sufficient evidence to sustain Noel's convictions.

We therefore affirm the judgment of the district court as to each Appellant. We construe Terrence Peters's letter attacking the accuracy of a laboratory report introduced at trial as a motion to file a pro se supplemental brief and deny the motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED